# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHAN ALEXANDER WALTERS,<br><br>      Plaintiff,<br><br>vs.<br><br>PAUL COPENHAVER,<br><br>      Defendant | Case No.:1:12-cv-01174-DLB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>[Doc. 1] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

DISCUSSION

Petitioner filed the instant petition for writ of habeas corpus on July 18, 2012. In 1997, Petitioner was convicted in the United States District Court for the Southern District of West Virginia of conspiracy to distribute marijuana (18 U.S.C. § 846), distribution of marijuana (§ 841(a)(1), conspiracy to launder monetary instruments (§ 1952(a)(h), conducting a financial transaction to promote a specified unlawful activity (§ 1956(a)(1)(A)(i), conducting a financial transaction to conceal the proceeds of a specified unlawful activity (§ 1956 (a)(1)(B)(ii), and

making a false statement in application for a passport. See United States v. Walters, No. 2:97-cr-157-2 (S. D. W. Va., December 22, 1997 (ECF Doc. Nos. 234 & 235.)[1]

Petitioner's conviction was affirmed on appeal. See United States v. Walters, No. 98-4248, 1999 WL 713905 (4th Cir. Sept. 14, 1999).

Petitioner filed a motion under 28 U.S.C. § 2255, which was denied on June 1, 2001. See United States v. Walters, No. 2:97-cr-157-2 (ECF Doc. Nos. 505 & 544.)  The Fourth Circuit Court of Appeals denied an application for a certificate of appealability and dismissed the appeal. Id. at 559.

On July 12, 2004, Petitioner filed a motion for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which was denied on March 14, 2006. Id. at 646-647. Petitioner's appeal was denied. See United States v. Walters, No. 06-6617 (4th Cir. Jan. 18, 2007).

On May 28, 2009, Petitioner filed a petition  for writ of audita querela pursuant to 28 U.S.C. § 1651. See Walters v. United States, No. 2:09-cv-589 (S. D. W. Va.).  The petition was denied on August 21, 2009. Id.

On November 21, 2011, Petitioner filed a motion for authorization to file a second or successive application for relief under 28 U.S.C. § 2255. See In re Walters, No. 11-298 (4th Cir. 2011).  The petition was denied December 13, 2011. Id.

In the instant petition for writ of habeas corpus, Petitioner argues that he is actually innocent of the money laundering conviction based on the United States Supreme Court decision in United States v. Santos, 553 U.S. 507 (2008), which held in cases which involve a merger

---

[1]  Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

problem[2] the term "proceeds" in the money laundering statutes must be construed to mean "net profits" rather than "gross receipts." Petitioner also relies on the Fourth Circuit Court of Appeals opinion in United States v. Halstead, 634 F.3d 270 (4th Cir. 2011), which found that the ruling in Santos applied retroactively to cases that involve a merger problem in the context of money laundering and illegal gambling. Id. at 279. The Halstead Court specifically clarified that its holding was not extended to cases involving a merger problem in the context of money laundering and an illegal activity other than illegal gambling. Id.

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

---

[2] If an illegal activity includes money transactions to pay for the costs of the illegal activity, a merger problem can occur if the government uses those transactions also to prosecute the defendant for money laundering.

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id.; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

First, Petitioner argues that the procedure under Section 2255 is inadequate and/or ineffective because at the time the Santos and Halstead opinions were issued his conviction was final. Petitioner's argument is without merit. In his request to file a second or successive motion, Petitioner specifically argued that he was actually innocent of the money laundering conviction based on the Supreme Court's decision in Santos. See In re Walters, No. 11-298 (4th Cir. 2011). Thus, he clearly had an unobstructed opportunity to present his challenge based on the holding in Santos.

Second, Petitioner appears to argue that because the Fourth Circuit Court of Appeals denied his request to file a second or successive motion pursuant to Section 2255, he has not

adequate or effective remedy by way of § 2255.  However, the fact that his request to file a second or successive § 2244 motion was denied does not as a matter of law render the process inadequate or ineffective.  See Moore v. Reno, 185 F.3d at 1055.

Furthermore, Petitioner's underlying conviction was for distribution and conspiracy to distribute marijuana, not illegal gambling, and as clearly stated in Halstead (even assuming Halstead is binding authority), the holding in Santos has not been extended to such circumstances.  Halstead, 634 F.3d at 279.  Accordingly, Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

Unless a circuit justice of judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a proceeding under section 28 U.S.C. § 2255.  28 U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-240 (1998).  Appeal from a proceeding that is normally undertaken pursuant to 28 U.S.C. § 2241, but which is really a successive application under § 2255, requires a certificate of appealability.  Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001).

As explained herein, Petitioner is raising claims attacking only the legality of his sentence, not the execution of his sentence.

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court DECLINES to issue a certificate of appealability.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED;

2. The Clerk of Court be directed to enter judgment; and

///

///

///

      3.      The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

    Dated:   **August 9, 2012**                      /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE